HARDING, Justice,
concurring in part and dissenting in part.
I realize that the issue confronting the Court in this case is complex and a subject on which persons of good will and sound judgment differ. However, I must concur with the majority opinion that the reporting requirement of Rule Regulating the Florida Bar 4-6.1 should remain mandatory.
The proponents of the rule change argue that lawyers themselves, in the exercise of their honor and good will, are the primary control on the profession. Thus, they urge *737 the Court to remove the mandatory reporting provision of the rule.
There seems to be little dispute that the Court should set aspirational goals for pro bono service by members of the Bar. If it is necessary and good for the Court to set such aspirational standards for pro bono service, then it is equally necessary and good for Bar members to report whether they have performed this service and, if so, how much service.
In wrestling with this issue, I was reminded of the words of Alexander Hamilton in The Federalist:
If men were angels, no government would be necessary. If angels were to govern men, neither external nor internal controls on government would be necessary. In framing a government, which is to be administered by men over men, the great difficulty lies in this: You must first enable the Government to control the governed; and in the next place, oblige it to control itself. A dependence on the people is, no doubt, the primary control on the Government; but experience has taught mankind the necessity of auxiliary precautions.
The Federalist No. 51, at 286 (Alexander Hamilton) (E.H. Scott ed., 1898).
While most lawyers are honorable and full of good will, few of us would fall within the ranks of “angels.” Accordingly, in Hamilton’s words, “experience has taught ... the necessity of auxiliary precautions.” I conclude that the mandatory pro bono service reporting requirement is a necessary auxiliary precaution.
However, I share Justice Wells’ concern that the Bar and its members should know what will be expected in regard to enforcement of this rule. Thus, I suggest that any disciplinary action related to mandatory reporting be deferred until a procedure for enforcement is established. The Court should request the Bar to submit a procedure for enforcement and afford Bar members an opportunity to comment on the proposed procedure. Then this Court can determine the appropriate manner in which to proceed.